**Lisa PENNER, on behalf of herself and all others similarly situated; et al., Plaintiffs–Appellants,**

v.

**CHASE BANK USA NA and Bank One Delaware NA, Defendants–Appellees.**

No. 06–35726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Submission Withdrawn Feb. 10, 2009.

Resubmitted Sept. 16, 2011.

Filed Nov. 4, 2011.

Barry Leonard Kramer, Attorney at Law, Los Angeles, CA, for Plaintiffs–Appellants.

Robert Steven Stern, Esquire, Nancy R. Thomas, Morrison & Foerster, LLP, Los Angeles, CA, James Savitt, Savitt Bruce & Willey, LLP, Seattle, WA, for Defendants–Appellees.

Before: B. FLETCHER, REINHARDT and FISHER, Circuit Judges.*

MEMORANDUM **

Plaintiffs sued Chase Bank for its practice of increasing cardholders' interest rates upon default or delinquency and ret-roactively applying the increased rates to the beginning of the latest payment cycle.

1.  As plaintiffs concede, their Truth in Lending Act and breach of contract claims have been foreclosed by the Supreme Court's decision in *Chase Bank USA, N.A. v. McCoy,* —— U.S. ——, 131 S.Ct. 871, 178 L.Ed.2d 716 (2011).

2.  Plaintiffs' declaratory relief, unconscionability and illegal penalty claims are foreclosed because Delaware law permits Chase's practices. *See McCoy v. Chase Manhattan Bank, USA, Nat. Assoc.,* 654 F.3d 971, 975 (9th Cir.2011).

3.  Plaintiffs fail to state a claim under the Washington Consumer Protection Act (WCPA), Wash. Rev.Code § 19.86.020. To succeed under the WCPA, plaintiffs must show that Chase's actions had "the capacity to deceive a substantial portion of the public." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 535 (1986) (emphasis omitted). Here, however, "Chase openly and expressly notifies cardholders of the actions it reserves the right to take in the event of a default." *McCoy,* 654 F.3d at 975.

The parties' October 6, 2008 and October 20, 2008 motions for judicial notice are denied.

**AFFIRMED.**

---

* Following the death of Judge Pamela A. Rymer, Judge Stephen Reinhardt was drawn as her replacement on the panel.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.